## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **KHOSROW SADEGHIAN, ET AL.** | § | |
| | § | Case No. 4:07cv159 |
| v. | § | (Judge Schneider/Judge Bush) |
| | § | |
| **THE TOWN OF LITTLE ELM, TEXAS** | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT (PETITION)

#### A.  Parties

1.     Plaintiff, Khosrow Sadeghian, is an Individual whose address is PO BOX 50593, Denton, Texas 76206 0593.

2.     Plaintiff, Johnny Houston, is an Individual whose address is 2724 Sunbeam DR, Little Elm, TX 75068-7633.

3.     Defendant The Town of Little Elm, a Texas Home Rule Town, under article XI, section 5, of the Constitution of the State of Texas, located in Denton County, Texas, may be served with process by serving the city's Secretary, Kathy Phillips, at P.O. Box 129, Little Elm, TX 75068, under the authority of Texas Civil Practice & Remedies Code section 17.024(b).  Plaintiff respectfully requests issuance of citation and service upon The Town of Little Elm's Secretary, Kathy Phillips, as described above, by certified mail, return receipt requested.

#### B.  Jurisdiction

4.     The subject matter in controversy is within the jurisdictional limits of this Texas District Court; furthermore, § 214.0012, Texas Local Gov't Code confers jurisdiction upon the District Court.

5.     Pursuant to the Defendant's request for removal this Court has acquired

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.

### C. Count 1 – Judicial Review

6.     On Monday, February 05, 2007, Defendant's Board of Adjustment issued an order of demolition (i.e., Order No. 2-5-07-001 – a copy of which is attached as Exhibit "A") for the property located at 809 Hillside Beach Drive, Little Elm, TX 75068 (hereinafter "Property"). Pursuant to Texas Loc. Gov't Code § 214.001(c), both the Owner (at that time Johnny Houston – now Plaintiff, Khosrow Sadeghian) and the lienholder (Plaintiff, Khosrow Sadeghian) should have received a "notice of a hearing." As a result of Defendant's failure to give said notice, neither Houston, nor Sadeghian appeared – in fact, Houston appeared the very next night with a detailed scope of for the work would have been required to comply with the ordinance and the time it would take to reasonably perform said work – bringing the Property back into compliance with the Defendant's codes and ordinances.

7.     Because the Plaintiffs were not given the notice required by Texas Loc. Gov't Code § 214.001(c), Defendant's demolition Order No. 2-5-07-001 is void. Therefore, Plaintiff has sought judicial reversal of the demolition order pursuant to by Texas Loc. Gov't Code § 214.0012(f).

### D. Count 2 – Declaratory Judgment

8.     Based upon the facts set forth herein, and pursuant to the Chap. 37, Tex. Civ. Prac. & Rem. Code (the Uniform Declaratory Judgments Act), Plaintiff seeks a declaration that Defendant's demolition Order No. 2-5-07-001 is void.

### E. Count 2 – Deprivation of Due Process

9.     Based upon the facts set forth herein, and pursuant to the constitutions of the State

of Texas and the United States of America, Plaintiff has been deprived of property without "due process (i.e., notice and an opportunity to present a coherent defense of his property).

## F. Damages

10. As a direct and proximate result of Defendant's actions, plaintiff suffered the following damages:

   a. lost earnings (i.e., the loss of the monies to have been paid by Houston).

   b. the fair market value of the Property.

## G. Attorney Fees

11. As a result of defendant's actions and breach of clearly articulated duties, Plaintiff was necessary for Plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b) and Tex. Civ. Prac. & Rem. Code §37.009.

## H. Prayer

12. For these reasons, Plaintiff asks for judgment against defendant for the following:

   a. $70,000.00 for damages to the Property;

   b. a reversal of demolition Order No. 2-5-07-001, and declaration that said Order is void;

   c. reasonable attorney fees;

   d. prejudgment and postjudgment interest;

   e. costs of suit; and

   f. all other relief the court deems appropriate.

                                        Respectfully submitted,

                                              By: /s/ Tom Dirickson
Tom Dirickson
Texas Bar No. 00787370
956 Valley View Drive
Lewisville, Texas 75067 6140
Phone: (972) 316 3367
Fax: (972) 316 3371
ATTORNEY FOR PLAINTIFF
KHOSROW SADEGHIAN

## CERTIFICATE OF SERVICE

     I certify that on Friday, August 22, 2008, a true and correct copy of ***Plaintiff's First Amended Complaint (Petition)*** was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P.5(d) and Local Rule CV-5(e), all other counsel of record and parties pro se not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or certified or registered mail this 22nd day of August, 2008.

                                              By: /s/ Tom Dirickson
Tom Dirickson, Attorney for Plaintiff

Exhibit A     ORDER NO. 2-5-07-001

# AN ORDER OF THE TOWN OF LITTLE ELM BOARD OF ADJUSTMENT, ACTING PURSUANT TO ITS AUTHORITY UNDER CHAPTER 22, ARTICLE III OF THE TOWN'S CODE OF ORDINANCES, AS AMENDED, WITH REGARD TO THE ABATEMENT OF THE SUBSTANDARD AND DANGEROUS STRUCTURE LOCATED AT 809 HILLSIDE BEACH, LITTLE ELM, TEXAS

WHEREAS, the Board of Adjustment for the Town of Little Elm, acting pursuant to its authority regarding dangerous buildings under Chapter 22, Article III of the Town's Code of Ordinances, as amended, conducted a public hearing on February 5th, 2007 to consider abatement of the building and structure located at and on 809 Hillside Beach, the same being Lot 41 of the Hillside Beach Subdivision, Town of Little Elm Denton County, Texas (the "Property"), the said public hearing and consideration being identified as agenda item number 4 (06-SB-003); and

WHEREAS, following a diligent effort by the Town to discover each owner, mortgagee and lienholder of the Property and all improvements thereon, notice of the said public hearing and the consideration of the item was given and provided in accordance with law to all owners, mortgagees, and lienholders of the Property and the improvements thereon; and

WHEREAS, prior to the taking of testimony and the receipt of other evidence, all witnesses who testified and provided other evidence at the hearing were duly sworn in; and

WHEREAS, the owner of the Property, or a duly authorized representative of the owner, appeared at the hearing and provided information regarding the Property and the building and structure located thereon, testified that the Property is the subject of a foreclosure and that the owner of the Property is seeking to sell the same, but presented no evidence or other information to contradict or in opposition to the Town's evidence of the dangerous condition of the building and structure located on the Property, or that more than thirty (30) days is needed by the owner to reasonably perform the work to demolish and remove the building or structure; and

WHEREAS, the Board of Adjustment received evidence, both oral and written, and other evidentiary information from the Town Staff regarding the condition of the Property and the building and structure located thereon (which may be reviewed and obtained during regular business hours in the office of the Town Secretary as described below), including, without limitation, evidence that the building and structure, which is used or intended to be used for dwelling purposes, is in severe distress and disrepair, is uninhabitable, unsanitary, is a harbor for rodents and other vermin, is a danger to the health, safety and welfare, is a public nuisance, and is a dangerous building and structure and cannot reasonably be repaired so that it will no longer exist as a dangerous building and structure, and that it should be abated and removed, and no evidence was offered or submitted to the Board disputing or contradicting the same; and

WHEREAS, the Board of Adjustment finds that the evidence, including, without limitation, all of the written and other evidence and information submitted by the Town Staff at the hearing, is true and correct; and

WHEREAS, based upon the evidence presented, the Town of Little Elm Board of Adjustment finds that the Property is in violation of the Town's ordinance regarding dangerous

buildings, including, without limitation, Section 22-56 of the Town of Little Elm Code of Ordinances; and

WHEREAS, the Board of Adjustment finds that the main building and structure located on the Property is dilapidated, unsanitary, substandard and unfit for human habitation because of, among other things, inadequate maintenance, dilapidation, decay, damage, faulty construction, and faulty air and sanitation facilities, is in severe distress and disrepair, is a harbor for rodents and other vermin, is a public nuisance, constitutes a hazard to the public health, safety and welfare and a danger to persons and property, and is a dangerous building and structure and cannot reasonably be repaired so that it will no longer exist as a dangerous building and structure; now,

**THEREFORE, IT IS HEREBY ORDERED BY THE TOWN OF LITTLE ELM BOARD OF ADJUSTMENT THAT:**

1. The above and foregoing preamble and premises are true and correct and are incorporated into and made a part of this Order for all purposes, and the Board of Adjustment so finds. As set forth above, the Board of Adjustment finds that the building and structure located on the Property is a dangerous building which must be demolished and removed.

2. The owner of the Property shall secure the building and structure located on the Property from unauthorized entry, and shall demolish and remove the said building and structure, clean the Property and grade the same with proper drainage, within thirty (30) days of the date of this Order, the said thirty (30) day period being a reasonable time to perform such work. Failure of the owner to take the ordered action within the specified time may result in the Town taking subsequent action to demolish and remove the building and structure, to clean and grade the lot with proper drainage, and thereafter in accordance with law to assess its expenses on and to establish a lien on and against the Property for the work performed.

3. The Town of Little Elm Planning Department's administrative assistant shall file a copy of this Order with the Town clerk within 10 days after the date this Order is issued, and shall publish in a newspaper of general circulation in the Town of Little Elm the street address or legal description of the Property, the date of the hearing, a brief statement indicating the results of this Order, and that a copy of this Order and the minutes of the meeting described herein may be reviewed and obtained during regular business hours in the office of the Town Secretary of the Town of Little Elm, 100 West Eldorado Parkway, Little Elm, Texas 75068.

ORDER ENTERED, ISSUED AND DATED THIS 5TH DAY OF FEBRUARY, 2007.

_____
Board Chair Person

_____
Board Secretary

APPROVED AS TO FORM:

_____
Town Attorney

## ACKNOWLEDGEMENT

THE STATE OF _Texas_

COUNTY OF _Denton_

This instrument was acknowledged before me on the _5th_ day of _February_, _2007_, by _Derwin Broughton_, _Meredith Ladd_, _Kimberly Graesser_ for the Town of Little Elm.

_____
Notary Public, State of _Texas_

_____
Notary's Printed Name

My commission expires: _10-12-2010_

**Return to:**

Town of Little Elm
Code Enforcement
100 W Eldorado Parkway
Little Elm, TX 75068



KATHY J. PHILLIPS
MY COMMISSION EXPIRES
October 12, 2010

Order No. 2-5-07-001
Page 3 of 3