NO PUBLISH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KHOSROW SADEGHIAN, ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:07cv159 |
| THE TOWN OF LITTLE ELM, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion for Partial Summary Judgment (Dkt. 25). Having reviewed the record and heard the arguments of counsel at the September 3, 2008, hearing, the Court finds that the motion should be GRANTED.

In essence, Plaintiffs filed this suit to contest an order of demolition issued by the Town of Little Elm as to certain property located there. Plaintiffs challenged the constitutionality of the order, complaining that they did not receive adequate notice of the hearing at which the final demolition order was rendered. Apparently, all parties agree that Plaintiffs received notice of and appeared at the initial hearing on the demolition issue before the Town's Board of Adjustment. However, the issue was tabled at that hearing and continued to a later date. On the later date, Plaintiffs did not appear and the order of demolition was issued. Plaintiffs claim that they did not receive notice of this continued hearing date and that they were therefore deprived of the right to challenge the demolition of the subject property.

After a settlement conference, this Court stayed the case pending Plaintiffs' request – and Defendant's agreement – that they be given several months to bring the property up to code. At the

1

conclusion of the stay, the parties filed a joint status report indicating that Plaintiff Sadeghian (the property owner) had voluntarily begun the demolition process, seemingly mooting all of Plaintiffs' complaints here.  However, despite his voluntary demolition efforts, Plaintiff Sadeghian, through counsel, subsequently filed an amended complaint continuing to contest the constitutionality of the Town's earlier demolition order.

On September 3, 2008, the Court conducted a hearing regarding Plaintiffs' remaining claims.  At the hearing, counsel for Plaintiff Sadeghian indicated that the demolition of the subject property was substantially complete (at Plaintiff's cost and request), but that an adjudication of the legality of the Town's prior demolition order is necessary in order to determine whether an award of attorney's fees to the Town in this matter is warranted.

Judicial review of the Town's demolition order occurs under the substantial evidence rule.  TEX. LOC. GOV'T CODE § 214.0012(f).  As noted by one Texas court,

> A court applying the substantial evidence rule may not substitute its judgment for that of the agency.  The issue for the reviewing court is not whether the agency's decision was correct, but only whether the record demonstrates some reasonable basis for the agency's action.  Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them.  In fact, an administrative decision may be sustained even if the evidence preponderates against it.  Whether substantial evidence supports the City's Order is a question of law.

*Lee v. City of Houston*, 2006 WL 2254401, 2 (Tex. App.- Houston [14th Dist.] 2006, no pet.) (citing *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999)).

Having heard the arguments of counsel and having reviewed the evidence in the summary judgment record, including the admissions that are deemed against Plaintiffs by application of law

2

and, as fully stated on the record, the Court finds that there is substantial evidence to support the Town's decision. The record indicates that the date for the continuation of the hearing was provided at the first hearing (at which Plaintiffs were present) and that therefore the Town's demolition order did not violate due process. Therefore, to the extent Plaintiff Sadeghian's claims are not already mooted by his voluntary demolition of the property, the Court finds that Defendant's motion for partial summary judgment should be GRANTED and that Plaintiff Sadeghian take nothing by his claims here.

Further, the Court recommends dismissal of any remaining claims of Johnny Houston, the other named Plaintiff in the case. According to the record and those present at the hearing before the Court, any interest Houston had in the subject property has now been foreclosed on by Sadeghian, mooting any claims he may have. Further, Houston has failed to appear at or participate in any hearings or proceedings before this Court or to respond to this Court's order of August 15, 2008 advising all Plaintiffs that failure to file any amended pleadings could result of dismissal of their claims. Finally, as noted by Defendant, Houston has not filed any verified pleadings with this Court as is required by Local Government Code § 214.0012. For these reasons, to the extent not already disposed of as outlined above, the Court recommends that his claims be dismissed.

In light of these findings and Plaintiff Sadeghian's amended complaint, as his counsel stated on the record, the only issue left for this Court to resolve is the Town's request for an award of attorney's fees and costs. According to Section 214.002(h) of the Texas Local Government Code:

> If the decision of the municipality is affirmed or not substantially reversed but only modified, *the district court shall allow to the municipality all attorney's fees and other costs and expenses incurred by it and shall enter a judgment*

3

> *for those items*, which may be entered against the property owners, lienholders, or mortgagees as well as all persons subject to the proceedings before the municipality.

Tex. Loc. Gov't Code § 214.0012(h) (emphasis added). The statutory provision makes clear that the award of attorney's fees is mandatory. Because the Court has found that there is substantial evidence to support the Town's order, the Town of Little Elm is entitled to an award of reasonable attorney's fees and costs here. As stated on the record, the Court encourages the parties to reach an agreement as to what a reasonable amount is here. However, to the extent an agreement is not reached, Defendant is directed to submit to the Court an affidavit with any necessary supporting documentation regarding its attorney's fees and costs in this matter no later than 14 days after the entry of a final order by the District Judge as to this motion for summary judgment. Plaintiff Sadeghian shall have seven days from the date of the filing of this affidavit to contest any amounts submitted by Defendant. If no response is timely filed by Plaintiff, the Court will assume Plaintiff does not object to the amount requested.

Therefore, as set forth fully above, the Court recommends that Defendant's Motion for Partial Summary Judgment (Dkt. 25) be GRANTED, that Plaintiff Khosrow Sadeghian take nothing by his remaining claims, that Plaintiff Johnny Houston's remaining claims be DISMISSED, and that the Town of Little Elm be awarded its reasonable attorney's fees and costs. Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the

district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 3rd day of September, 2008.**

                                                             _____
                                                             DON D. BUSH
                                                             UNITED STATES MAGISTRATE JUDGE